And we will go to Steffek v. Client Services. Mr. Stern. May it please the Court, Your Honors. The letters here do not actually identify Chase as the creditor, or to borrow from Genetis, they simply do not say who currently owned the debts. So certainly it's permissible to leave the identification of the current creditor to be implied, but the standard for doing that is whether, under the unsophisticated consumer standard, whether it's a basic logical deduction. So the question then becomes is, does this letter allow a consumer to make a basic logical deduction that Chase is the current creditor? Do you think it's good enough if it is implicit who the creditor is? What I'm saying is, I think that Genetis is very clear that it has to be clearly and accurately stated, but I think that there are plenty of cases that say, because there's no specific requirement of what magic words need to be used. You mean whether you have to say current creditor? You don't necessarily have to say current creditor. We don't dispute the cases that, for example, that might say is, we've been, you know, we are collecting on behalf of the above-referenced creditor, or the above-referenced client. I think that probably is sufficient to put the consumer on notice. That's pretty fancy language, but how about you owe Chase Bank $8,000? Right. Exactly. Or Chase Bank tells us you owe it $8,000 and hired us to collect it. Exactly. Which is what, which is where we're saying is the fault here that this, you know, and I apologize, but obviously the prior argument dealt with similar issues. But client services drafted this letter knowing what they wanted to put in the letter. They've been sued repeatedly. They could have put a C in front of the RE and a DITOR right after it and had said creditor and we wouldn't be here today. It wouldn't be a claim. So we think that the, obviously there's a bunch of unreported district court cases from around the country that both sides have cited, but we think that the ones that client services rely upon, the reasoning in those, in those decisions are reasons that were expressly rejected in, in Janitos. And specifically one is that they say is that the letter clearly identifies client services as the debt collector. And then the argument that they make is by process of elimination, then the only other entity name must be the current creditor. Janitos acknowledged that, yep, it was true in, in, in that letter that Fulton Friedman was identified as the debt collector, but, and to quote from, from Janitos, that fact does not lead to a basic logical deduction that in, in that case asset acceptance must have been collecting the reference debt. But in Janitos it was because of the transfer and that it was unclear what transfer meant. Here we don't have that. So Janitos doesn't really dictate the outcome. Well that's, that was a separate point about, about the transfer, the use of the term S&E. But that, that deals with a somewhat different argument. I think the argument is still there that the mere fact that the letter identifies client services as a debt collector does not mean that the, that the only, the other entity named in the letter must be the current creditor. I think that's true, but I think that the sentence, the above account has been placed with our organization for collections. I think the question here is whether that reference to the above account, Chase Bank with the account number, permits the logical inference that that's the creditor. That's the person to who you owe the money. And, and I think, and, and the, the cases have noted, and I, I think, I think Janitos really is what dictates it, is that was written in the passive voice. They didn't say who actually placed the account, which was an issue that, that Janitos said. They said that, you know, even the unsophisticated consumer, even, even if the unsophisticated consumer would recognize that, in that case, asset acceptance, or excuse me, that the original creditor has at one time owned the debt in the past, the, the reference to just it being an account does not mean that Chase is currently the, the creditor. I mean, and here in particular, which is, I think, facts that are unique to all the other cases is that we have evidence as to the age of these accounts. These were not recently, like in the case of some medical debt sometimes, where it's recent, the patient is, is the debtor. They went to the hospital, so they would know. These were cases where, you know, in excess of two years, two and a half years, three, more than three years before, was the last time that any payment was made to Chase. And I think that it's certainly, it's, it's fair to, to recognize that when the large credit card issuing banks have had debts that are that old, that they frequently do get sold. And, and people. Mr. Stern, let me ask you about, I'm worried a little bit here about language like placing accounts, assigning accounts, transferring accounts. Do those different verbs have clear, distinct meanings as used within the debt collection business? As far as I know, I'm, I'm, I don't know that I can answer that. I don't know enough about the industry. Do you think they have clear and distinct meanings to the average consumer? I don't think that they have distinct meanings. I think they're, they're confusing. I think it's, you know, there have been terms, you know, an account is assigned as it's assigned for collection. What's the purpose of the assignment? I mean, certainly, legally, we understand an assignment is a transfer of rights. I'm trying to, I'm trying to picture my own understanding, let's say the first day of law school, where I would have struggled with some of those distinctions. And even now, when I read the verbs placed, assigned, and transferred, I'm not sure which of the different meanings they might have. We concur. I mean, I think that they are not, they're ambiguous terms. They're uncertain terms. But I notice my time is running short. I'd like to save my time for a rebuttal. Let me just ask you quickly on this dust up over the terms of the stipulation and the affidavit. Did you all actually seek affirmatively relief under Rule 56D with time to respond to the unexpected affidavit from the defendant? No, because we were seeking enforcement of the stipulation that limited it. Thank you. Thank you, Mr. Chairman. Mr. Martin. May it please the Court. Xerxes Martin on behalf of Client Services, Incorporated. We're focusing today on 1692 GA2, which simply requires the name of the creditor to whom the debt is owed. Case law does not prescribe any particular method in doing that. And looking at this case, the letter at hand, this letter sufficiently does that. Opposing counsel wants this Court to focus on its prior precedent of genetos. But that case is not applicable in this case because it deals with different facts, purchase of a debt, and frankly, in my opinion, a confusing letter. The letter in genetos stated, re, asset acceptance, LLC, assignee of a merit star. Then it contained original creditor account number. Then it had a Fulton Friedman Galachi account number, a balance due, and then later stated the account was transferred. Here, the letter at hand simply says, re, Chase Bank, N.A., has the Chase Bank account number. So what's so hard about just saying you owe Chase Bank $8,000? The letter could have been drafted differently. This is how it was drafted. Sometimes the creditor, such as Chase Bank, wants letters in a certain style. There may be some tension. Isn't it your client's job to push back if it's not going to clearly comply with the Act? It can be. There is a client relationship that parties want to maintain in that sense. This is not a very compelling argument for affirming dismissal of that case, of this case. Let me ask you the same question. Are the verbs placed and assigned and transferred first in the debt collection industry unambiguous, clearly distinguished in the way they're used? I don't believe they are clearly distinguished by case law or by any means. Just in the business? Well, and how about with consumer debtors? They're left to their own interpretation. So I go back to what's so tough about saying you owe Chase Bank $8,000. The letter could have been read that way. Clearly identify complying with the legal standard articulated in Genitos as an interpretation of 1692 GA2. But also there's plenty of case law that says that the entire letter needs to be looked at as a whole, and putting all of the parts of the letter together, one can infer who the current creditor is. You can. The question is, must you? Is that the only way to interpret that? You're familiar with the John Oliver story, probably from last year or so, about the selling of zombie debts and so on? Correct. How many hands they pass through? Yeah, he formed a collection company. Yes. Right. I mean, debts can pass through many hands before they reach the person sending the Dunning letter, right? They can. And the one—Congress doesn't require immediate identification of the original creditor, but it requires identification clearly of the current creditor, right? Yes. And I understand how you can read this letter and guess, well, it's probably Chase. Why must I reach that interpretation given the way this industry operates? Of course, I've looked at this identical letter, and others very similar to this letter, have said that because this letter only states the name of the creditor and then the name of the debt collector, that it can be inferred that the creditor that is named in the account is the current creditor. It doesn't even say the creditor is the creditor. It just says Ray Chase, right? It does say Ray Chase Bank. Okay. I would like to direct this panel to its prior president in the Smith v. Sim Associates case. In that particular case, the court was looking at a letter where it said client, PayPal credit, original creditor, Comenity Bank. It then had the balance and then the origination date. And this court held that that letter properly conveyed who the current creditor was, and frankly, I believe that that letter is actually more confusing than this one because that particular letter stated client, PayPal credit, and that only said original creditor, Comenity Bank. The letter we're looking at in this particular case simply says Ray Chase Bank, N.A., and then it says the account above has been placed with us for collections. That letter is followed by the mini Miranda. If you request information on this or if you dispute this debt, we'll provide you the validation. Did you say mini Miranda? Is that the slang in the business? Yes, it is. The mini Miranda is actually this communications from a debt collector. Any information obtained would be used for this purpose. Okay. There you go. I had not heard that before. In that particular letter, this court found that that letter properly conveyed who the current creditor was, but that letter only said original creditor, Comenity Bank, and then said client, PayPal credit. Is it relevant, Mr. Martin, that the notice says make any checks out to client services? I believe so because it makes it clear that client services is acting as a debt collector. Or another way of interpreting it is I owe you that money. But it also, I mean, it does go back to your differences of placed, assigned, transferred. My interpretation of placed would be this account has been placed with them for collection, as the letter says, and on a temporary basis. I think transfer would at least possibly infer a legal sense that the rights to the debt have been transferred. In your brief, you wrote, unlike the words assignee and transferred in Janitos, the word placed does not suggest any change in ownership. I read that, and I said, really? I mean, how do I know that? I'm not sure I know that as somebody with some experience in the federal courts. I have no idea how I'm supposed to figure that out as a consumer who maybe just finished sixth grade. Well, I think in normal English language, I mean, would you say you placed something with a friend when it's actually a gift, or did you transfer that to a friend as a gift? I don't think many people use placed. Did you know that when you went into law school? I have not seen placed necessarily in a contract or otherwise using placed as a transfer of rights ownership or otherwise. I would like to steer this court to the case of Ocampo versus Client Services Incorporated. It is an opinion that came out on a summary judgment motion in the Eastern District of New York, which is the identical letter we're dealing with here today, except it has a different creditor. Is that the one you just sent us in the 2018? No, that was a Campagna. That is a slightly different letter. Ocampo is included in the brief. Okay. Well, did this one, sorry, did Ocampo deal with a 1692-GA2 claim? It dealt with a GA2 as well as a 1692-E. E, okay. In Ocampo, identical letter with the exception of the creditor was Synchrony Bank. In the letter, the letter stated at the top, Re. Synchrony Bank, Walmart, MC. Below that, it provided the account number and the balance due, which was $6,490.19. It had the same, this account has been placed with us for collection, the same letter as this case. Judge Kogan in the Eastern District of New York held the debt collection letter at issue here clearly identifies the creditor by stating at the top of the letter, Re. Synchrony Bank, Walmart, MC. Right below this line, the letter identified the account number and balance due, which especially in conjunction with the name of the creditor, is sufficient information for even the least sophisticated consumer to understand that the debt collection letter is attempting to collect a debt for Synchrony Bank, the issuing bank for her Walmart card. The court goes on to describe the, backing up a second, courts are split on whether it's the unsophisticated consumer or least sophisticated consumer in judging who's reading these letters. New York goes by the least sophisticated. However, there's not much difference between the two. The court went on to state that. You're familiar with our footnote about alien legislators? Yes. Okay, all right. We think there's a difference. The court stated the least sophisticated consumer does not read a debt collection letter in complete isolation of her financial history. Just as the least sophisticated consumer is neither irrational nor adult, the least sophisticated consumer possesses reasonable knowledge of her account history. And so putting that together, the consumer, knowing their account history, knowing their financial history, receiving the letter sent by client services in this case, knows that they had a Chase Bank account, the account had been placed with client services for collection, client services is the debt collector, and no other party can possibly be the creditor to this debt. The letter's plain and simple. How can no other party be a no other? I don't understand how you can say that. The letter's silent as to anyone else the debt could possibly be owed to. Yeah, it's silent. And so based on that, it can be inferred that the only two people mentioned in the letter, Chase Bank and client services, one is the current creditor and one is the collection agency. And at the risk of beating a dead horse, I understand that that can, that's an inference that you can draw from that. I just don't understand why it's the only inference that can be drawn from that. My position is that is the only inference because those are the only two parties mentioned in the letter. And what do we make? We talked about pay you rather, pay your client rather than Chase. But there's also this invitation, let us know, and we'll tell you who the original creditor was, right? Yes, Your Honor. If it's different, and the only address on here is not the original creditor's address, or the current creditor's address, it's the collection agency's address. So doesn't that notice, which is required by the statute, kind of help imply that, well, maybe these are different entities? That's kind of a question for Congress because that is what they drafted to be included in every single 1692G letter. Okay. Thank you. Thank you, Your Honor. Mr. Stern. Thank you. Let me just briefly mention, I just, you know, we've addressed a lot of these cases. The Ocampo decision relied upon, the reasoning relied upon reasons that are expressly rejected in Janitos. Janitos expressly rejected the notion that, you know, in talking about the unsophisticated consumer's knowledge about the history of the account, you know, Judge Kogan did rely upon that, but there were a couple of things involved in that case that are different here, which is there's no indication about how old the debt was. Here we're talking about debts that hadn't been paid in over three years. But in Janitos, you talked about that, again, the, you know, applying Janitos here, the consumer may recognize the, that Chase had been the original owner of the account to whom it was owed at some time in the past, three years ago. But the mere reference to the letters as an account was being placed in a way suggests that Chase is currently, if anything, the court just, you know, a consumer would just be making a guess as to whether they were still that way, as they were still the current creditor, they were still the creditor to whom the debt was owed. And the other factor is, again, what I refer to as the process elimination argument. The process elimination argument starts with the wrong premise, the premise being that, oh, the letter must contain the name of the current creditor. But when a consumer gets the letter, they don't know what's supposed to be in the letter. So to say, oh, well, if it's not the debt collector, then the other name there must be the current creditor, is based upon an assumption that there's no basis for making that assumption. And that's, I think, the failing of the number of cases that the client services cited from the other districts, which are outside of the circuit. And I think I don't want to belabor it. Counsel did make reference to the Smith v. Sim Associates. We've addressed that in our brief, our reply brief. And we just think it's a very dissimilar case. That was a case that I argued unsuccessfully. And I think it involves very different circumstances where they actually did name creditors. So Mr. Senator, any other questions? Thank you, Mr. Chairman. Thank you, Mr. Martin. Thanks to all the counsels. Case is taken under advisement, and the court will stand in recess.